IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MIGUEL ARREOLA-AVILA,

    Petitioner,        OPINION & ORDER

  v.                16-cv-358-wmc
                    14-cr-32-wmc

UNITED STATES of AMERICA,

    Respondent.

---

  Petitioner Miguel Arreola-Avila has filed a motion for post-conviction relief under 28 U.S.C. § 2255.[1]  He argues that he is entitled to a reduction in his sentence under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the vagueness of the "residual clause" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), violated the due process clause of the Fifth Amendment.  Because the decision in *Johnson* does not apply to his situation, however, his petition must be denied.

OPINION

  Under § 924(e), a defendant is subject to a significantly greater sentence if the court finds that, among other things, the defendant has three prior felonies for either a violent felony or serious drug offense.  A "violent felony" is defined as a crime that:

  (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another, or

  (ii)  is burglary of a dwelling, arson, or extortion, involves use of

---

[1] This is petitioner's first motion for post-conviction relief, so he does not need the permission of a panel of the Court of Appeals for the Seventh Circuit to proceed.  28 U.S.C. § 2255(h).

1

> explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

§ 924(e)(2)(B) (emphasis added). In *Johnson*, the Supreme Court found the italicized language at the end of subsection (ii) above -- the so-called "residual clause" -- is too vague to satisfy due process guaranteed by the United States Constitution. The Supreme Court subsequently held that *Johnson* applies retroactively. *Welch v. United States*, 136 S. Ct. 1257 (Apr. 18, 2016).

While petitioner believes that *Johnson* applies, his sentence did not involve an enhancement for a "violent felony" as defined by the residual clause in § 924(e)(2)(B)(ii). In July of 2014, Arreola-Avila pled guilty to one count of illegal reentry after deportation in violation of 8 U.S.C. §§ 1326(a), (b). On September 19, 2014, the court sentenced him to 40 months in prison. His sentence included an 8-level guidelines enhancement under USSG § 2L1.2, Application Note 1(B)(iii), based on Arreola-Avila's 2009 conviction for intimidation of a victim/threaten force-Domestic Repeater, in violation of Wis. Stat. §§ 940.45(3), 968.075. The definition of crime of violence under § 2L1.2, Application Note 1(B)(iii) is:

> [M]urder, manslaughter, kidnapping, aggravated assault, forcible sex offenses … statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

Based on this definition, the court specifically held that the defendant's 2009 conviction qualified as a crime of violence, because:

> [T]he conviction included the modifier of domestic abuse in violation of Wisconsin State Statute 968.075(1)(a). That statute details specific conduct perpetrated against a person, all of which falls under the definition of a crime of violence under § 2L1.1. In accordance with the "modified" categorical approach as set forth in *Shepard v. United States*, 544 U.S. 13, 17 (S. Ct. 2005), the Court is permitted to rely on a variety of documents to find that prior convictions meet definitions for "recidivism" enhancements. The defendant violated a state law that "has an element of the use, attempted use or threated use of a physical force of another," which would appear to make the 16-level increase applicable. In any event, as the parties now agree, the crime is certainly an aggravated felony under 8 U.S.C. § 1101(a)(43), which justifies at least an 8-level increase.

(Statement of Reasons, dkt. #27, at 4.) Thus, it is apparent that the court found his prior conviction constituted a crime of violence based on language in § 924(e)(2)(B)(i), not in the residual clause in (B)(**ii**).[2] Accordingly, the holdings in *Johnson* and *Welch* do not change Arreola-Avila's sentence, and his petition must be denied.[3] As such, the court will also deny his request for counsel as moot.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

---

[2] Arreola-Avila cites to 18 U.S.C. § 16(b) as having language similar to the residual clause of § 924(e)(2)(B)(ii), but that statute had no bearing on his sentence enhancement.

[3] The government filed a response to this motion, arguing that: (1) *Johnson* is not retroactively available to petitioners sentenced under the advisory sentencing guidelines; (2) his claim is procedurally barred because he did not raise a *Johnson* issue during a direct appeal; and (3) regardless, the decision in *Johnson* does not affect Arreola-Avila's sentence. While the court recognizes the government's position with respect to the first two issues it raises, it is unnecessary to address them because the *Johnson* holding has no bearing here, even if applicable to a guidelines sentence.

3

that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because Arreola-Avila has not made a substantial showing of a denial of a constitutional right, no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. Arreola-Avila is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that petitioner Arreola-Avila's motion for post-conviction relief under 28 U.S.C. § 2255 and his motion for counsel (dkt. #1) are both DENIED. IT IS FURTHER ORDERED that no certificate of appealability shall issue. Arreola-Avila may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 26th day of October, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge